[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14075
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00142-BJD-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD PHILLIPS, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2021)

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

JORDAN, Circuit Judge.

James Phillips, III, appeals his convictions and total sentence for distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  On appeal, he asserts that he received constitutionally ineffective assistance of counsel because his trial counsel failed to object to the calculation of his criminal history score in his presentence investigation report, which lead to a higher guidelines range and security classification within the Bureau of Prisons.

Because Mr. Phillips cannot show prejudice due to his attorney's failure to object to the criminal history score, we affirm the judgment of the district court.

**I**

Mr. Simpson pleaded guilty to four counts of distribution of cocaine in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(C), and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(f)(1), 924(a)(2). The charges stemmed from a series of transactions with a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. At sentencing, the probation officer calculated an offense level of 25 and placed Mr. Phillips in criminal history category VI based on a total criminal history score of 15, resulting in an advisory guidelines range of 110 to 137 months imprisonment. The district court

2

considered the factors in 18 U.S.C. § 3553(a) and sentenced him to six concurrent sentences of 120 months' imprisonment, followed by 72 months of supervised release. Neither the government nor Mr. Phillips objected to the sentence.

In calculating Mr. Phillips' criminal history score, the PSI relied on two separate sets of Florida convictions stemming from an arrest on June 6, 2012. The PSI stated that the first set of convictions were for unlawful possession of a motor vehicle and making a false statement in a title transfer (the vehicle violations) and that the second set was for armed burglary, kidnapping, and possession of a firearm by a convicted felon. It explained that the vehicle violations related to a stolen black SUV that Mr. Phillips and another individual used as a getaway vehicle after committing the home invasion that served as the basis for the second set of charges. As to the vehicle violations, the PSI stated that Mr. Phillips pleaded guilty on March 6, 2013, and was sentenced on December 3, 2015, to five years' imprisonment with credit for 1,701 days. As to the second set of convictions, it stated that Phillips pleaded guilty and was sentenced to five years' imprisonment with credit for 1,701 days on September 23, 2016. For the vehicle violations, the PSI added three criminal history points, under U.S.S.G. § 4A1.1(a). For the second set of convictions for armed burglary, kidnapping, and possession of a firearm by a convicted felon, it added six criminal history points, under U.S.S.G. § 4A1.1(a), (e).

3

Following the entry of the district court's judgment, Mr. Phillips filed a motion for reconsideration of his sentence and to correct his guidelines calculation under Fed. R. Crim. P. 35(a), and a notice of appeal designating the district court's judgment and sentence. In his motion, Mr. Clifton, Mr. Phillips' attorney, stated that he failed to make a proper objection "to the scoring of three criminal history points" in relation to the vehicle violations listed in the PSI.  Mr. Clifton explained that Mr. Phillips was arrested on June 6, 2012, for the vehicle violations and that, while in custody for those violations, Mr. Phillips confessed to armed burglary, kidnapping, and possession of a firearm by a convicted felon—the second set of charges listed in the PSI—and that he was sentenced for both sets of offenses on the same day without an intervening arrest. And because under U.S.S.G § 4A1.1(a) sentences are only counted separately if they are "separated by an intervening arrest," Mr. Phillips should only have a criminal history score of 12, a category of V, and an advisory guidelines range of 100 to 125 months' imprisonment. Mr. Clifton stated that he failed to recognize the mistake in the PSI and the relevant records that would have explained the situation. He requested the opportunity to seek to amend the PSI and the advisory guidelines calculation and to have Mr. Phillips resentenced. He said  his error "would almost certainly result in remand base[d] upon ineffective assistance of counsel." Mr. Clifton also asserted that the criminal history category affects how Mr. Phillips is scored and classified in the Bureau of Prisons.

4

In support of his motion, Mr. Clifton attached state court documents related to the armed burglary, kidnapping, and possession of a firearm charges listed in the PSI. The first document, dated September 23, 2016, appears to be a judgment from a resentencing for those convictions and for a separate set of convictions for armed burglary and possession of a firearm by a convicted felon. The second document, dated August 26, 2016, was a motion by the state indicating that Mr. Phillips was eligible for resentencing in those matters. Both documents stated that Mr. Phillips's sentences had originally been imposed on December 3, 2015.

The district court denied the motion. It reasoned that Mr. Phillips's "120-month sentence was imposed after considering the relevant [§] 3553(a) factors and weighing [his] history and characteristics, including his substantial criminal history and mitigation materials." The district court stated that it would have imposed the same sentence whether Mr. Phillips's criminal history was V or VI.

## II

An ineffective assistance of counsel claim is a mixed question of law and fact, which we review *de novo*. *See Osborne v. Terry*, 466 F.3d 1298, 1305 (11th Cir. 2006).

The Supreme Court has explained that, "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a

trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). We have therefore held that, "[e]xcept in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (alteration in original) (citation omitted). "[A]n ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *Id.* (alteration in original) (citation omitted). Here the record is sufficiently developed, so we address Mr. Phillip's ineffectiveness claim. *See id.*

## A

The Constitution provides criminal defendants the right to effective assistance of counsel. *See* U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). To demonstrate ineffective assistance, a petitioner must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that the proceeding's result would have been different, but for his counsel's ineffective assistance. *See Chandler v. United States*, 218 F.3d 1305, 1312–13 (11th Cir. 2000) (en banc). Failure to establish either prong is fatal and makes it unnecessary to consider the other. *See Strickland*, 466

U.S. at 697.  We engage in a "highly deferential" review of counsel's performance. *See Chandler*, 218 F.3d at 1314 (internal quotations omitted).

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A reasonable probability is one sufficient to undermine confidence in the outcome. *See id.*  It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. *See id.* at 693.  We have held that, "[l]ike the Supreme Court, we require[] a showing of actual prejudice in countless cases involving serious mistakes, omissions, or errors by counsel at specific points in time." *Castillo v. Fla., Sec'y of Dep't of Corr.*, 722 F.3d 1281, 1288 (11th Cir. 2013).

Under U.S.S.G. § 4A1.1(a), a defendant receives three criminal history points for each prior sentence of imprisonment exceeding one year and one month. *See* U.S.S.G. § 4A1.1(a).  And § 4A1.1(e) adds an additional point for "each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection." § 4A1.1(e).  If a defendant has multiple prior sentences, those sentences are counted separately if they were imposed for offenses "that were separated by an intervening arrest." § 4A1.2(a)(2).

Prior sentences that are not separated by an intervening arrest and that were imposed on the same day are treated as a single sentence. *See id.*

An error in the calculation of the guideline range warrants vacatur of a defendant's sentence unless that error is harmless, i.e., if the district court would have imposed the same sentence without the error. *See United States v. Barner*, 572 F.3d 1239, 1247–48 (11th Cir. 2009). For example, we have held that where a defendant preserves a challenge to the guidelines calculations, any error is harmless if (1) the district court stated that it would impose the same sentence even if it decided the guidelines issue in the defendant's favor, and (2) assuming an error occurred and the lower guidelines range argued for by the defendant applied, "the final sentence resulting from consideration of the [18 U.S.C.] § 3553(a) factors would still be reasonable." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). This is because "[t]he Supreme Court and this Court have long recognized that it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *Id.* (alteration original).

The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2). The weight given to any § 3553(a) factor is a matter committed to the discretion of the district court. *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Although we do

not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Congress gave the BOP discretion for the classification and housing of its inmates. *See* 18 U.S.C. §§ 3621(b), 4081. Further, Congress specified that the sections of the Administrative Procedure Act governing judicial review do not apply to "the making of any determination, decision, or order under" any provision of 18 U.S.C. § 3621. *See* 18 U.S.C. § 3625. As a result, we have held that the BOP's determinations under § 3621 are precluded from judicial review, except to the extent that a prisoner seeks to challenge the underlying rules and regulations that establish the criteria governing BOP decision-making process. *See Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000). Indeed, we have explained that "[d]eciding how to classify prisoners and choosing the institution in which to place them are part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons." *Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998).

**B**

Mr. Phillips cannot establish ineffective assistance because he cannot show actual prejudice from Mr. Clifton's allegedly deficient performance. *See Chandler*, 218 F.3d at 1312–13. As to his total sentence, Mr. Clifton's error is not prejudicial because the district court stated that it would impose the same sentence even if Mr. Phillip's criminal history score were lower. *See Strickland*, 466 U.S. at 694. Stated differently, the district court's determination that it would have imposed the same total sentence renders the purported calculation error harmless. *See Barner*, 572 F.3d at 1247–48; *Keene*, 470 F.3d at 1349. Moreover, Mr. Phillips's total sentence of 120 months is reasonable because it was within the lower guideline ranges, and the district court reasoned that his sentence was warranted because of his history and characteristics and would deter others from similar conduct. *See* 18 U.S.C. § 3553(a); *Hunt*, 526 F.3d at 746.

The more difficult question is whether the BOP security-classification can establish actual prejudice under a *Strictland* ineffective assistance of counsel claim. The Supreme Court has told us that consequences other than a different sentencing decision can constitute prejudice under *Strictland* if it has a "close connection to the criminal process." *See Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). It is an open question in this circuit whether an error in BOP security-classification, resulting in placement in a different facility or ineligibility for a rehabilitation program, can

10

constitute prejudice under *Strictland*. Because Mr. Phillips, however, has failed to identify a facility or program that he would have been eligible for but for the increase in the BOP security-classification due to his inaccurate criminal history calculation, we do not need to reach this ultimate question. A mere claim of hypothetical prejudice due to the possibility of a different placement or eligibility for a program does not satisfy the standard of actual prejudice. *See Castillo*, 722 F.3d at 1288. Accordingly, we affirm.

## III

Because Mr. Phillips cannot establish prejudice due to his counsel's allegedly defective performance, we affirm the district court's judgment.

**AFFIRMED.**

11